```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :        15Cr042(DLC)
                                         :
            -v-                          :        ORDER
                                         :
SIMEON FRITH,                            :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

    The sentencing for Simeon Frith is currently scheduled for July 31, 2020.  He is incarcerated.

    The Chief Judge of the Southern District of New York issued Standing Order 20-MC-176 of March 30, 2020, finding that felony sentencings cannot be conducted in person without seriously jeopardizing public health and safety due to the pandemic.  It is uncertain when in-person proceedings may safely resume in the Southern District of New York, and how many sentencings of in-custody defendants will be allowed to proceed whenever in-person proceedings resume.  In the event it is not possible for an in-person sentencing of the defendant to take place in July 2020, the defendant may consent to be sentenced in a videoconference proceeding so long as the Court finds that a further delay in the sentence would result in serious harm to the interests of justice.  See § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

Accordingly, it is hereby

ORDERED that the sentencing will proceed in-person on **July 30, 2020** at **11:00 am** in Courtroom 18B, 500 Pearl Street, if that is possible.  The Government's sentencing submission remains due **July 17;** the defendant's submission remains due **July 24**.

IT IS FURTHER ORDERED that the parties will advise the Court by **July 24** of whether there are grounds to find that there would be serious harm to the interests of justice if the sentencing does not proceed in July 2020.

IT IS FURTHER ORDERED that by **July 24** defense counsel shall advise the Court whether the defendant consents to proceed to be sentenced in a videoconference proceeding in the event an in-person sentencing proceeding cannot occur in July 2020.

IT IS FURTHER ORDERED that if an in-person proceeding cannot occur, the defendant consents to a videoconference proceeding, and further delay would seriously harm the interests of justice, an Order will issue that provides the date and time of the remote sentencing, as well as the credentials necessary for accessing the proceeding via CourtCall.  The CourtCall platform permits the defendant, defense counsel, and the Government to appear, each from their separate locations, before the Court by video, and affords the defendant and defense counsel the opportunity to consult with each other separately in a breakout room upon request.

IT IS FURTHER ORDERED that should the defendant consent to proceed to be sentenced in a videoconference proceeding, defense counsel shall discuss the attached Waiver of Right to be Present at Criminal Proceeding with the defendant.  If the defendant is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form at least 24 hours prior to the sentencing.  In the event the defendant consents, but counsel is unable to obtain or affix the defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the defendant's signature to the form.

Dated:     New York, New York
           June 24, 2020

                                    _____
                                              DENISE COTE
                                     United States District Judge

April 8, 2020 P.M.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA

                -v-

              ,
            Defendant.

-----------------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT
AT CRIMINAL PROCEEDING**

    -CR-    ( )( )

Sentence

    I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time of my sentence and to speak directly in that courtroom to the judge who will sentence me. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I do not wish to wait until the end of this emergency to be sentenced. I have discussed these issues with my attorney and willingly give up my right to be present, at the time my sentence is imposed, in the courtroom with my attorney and the judge who will impose that sentence. By signing this document, I wish to advise the court that I willingly give up my right to appear in a courtroom in the Southern District of New York for my sentencing proceeding as well as my right to have my attorney next to me at the time of sentencing on the following conditions. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf at the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:    _____    _____
                Print Name                                  Signature of Defendant

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form. I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date:    _____    _____
                Print Name                                  Signature of Defense Counsel

2

**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant.  The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it.  The interpreter's name is: _____.

Date:            _____
                 Signature of Defense Counsel


**Accepted:**      _____
                 Signature of Judge
                 Date: